UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re                                                    Case No.23-72942-reg

    Patricia Murphy,

                                        Chapter 13

                      Debtor
-----------------------------------------------------------x

## **MEMORANDUM DECISION**

### *Introduction*

      This matter is before the Court pursuant to a motion ("Motion") filed by Patricia Murphy (the "Debtor") seeking, *inter alia*, a finding that the post-petition conduct of Deutsche Bank National Trust Company ("Deutsche Bank") and counsel to Deutsche Bank, which held the mortgage on the Debtor's residence ("Property") violated the automatic stay, thereby rendering the post-petition delivery of the deed to the Property to third parties void *ab initio*. The Debtor admits that the foreclosure sale took place prepetition and that the state court denied a challenge by the successful bidder to enjoin the referee from compelling specific performance under the terms of the foreclosure, which ruling was made prepetition as well. However, the Debtor claims that the post-petition submission by Deutsche Bank of an order denying the successful bidder's motion and the delivery of the deed to the assignee of the successful bidder violated the automatic stay pursuant to 11 U.S.C. § 362(a). Because the foreclosure sale was conducted prepetition, the Debtor's legal and equitable rights in the Property were extinguished under New York law. After the foreclosure sale, the Debtor held a mere possessory interest in the Property,

which was not affected by the post-petition conduct of Deutsche Bank and its counsel.[1] The submission of the order denying the motion by the successful bidder and the delivery of the deed to the assignees of the successful bidder were ministerial acts, not the continuation of a proceeding or enforcement against the Debtor. Therefore, the post-petition conduct of Deutsche Bank and its counsel did not violate the automatic stay.

*Procedural History*

On August 11, 2023 (the "Petition Date"), the Debtor filed a petition for relief under chapter 13 of the Bankruptcy Code. On December 6, 2023, the Debtor's third amended chapter 13 plan was confirmed. On December 19, 2023, the Debtor filed the Motion. On January 3, 2024, Deutsche Bank and its counsel, Robertson, Anschutz, Schneid, Crane & Partners PLLC ("RASC") each filed oppositions to the Motion. On February 9, 2024, the Debtor filed a reply to the oppositions. Hearings were held on March 20, 2024 and April 17, 2024. Thereafter, the matter was marked submitted.

*Facts*

Prior to the Petition Date, the Debtor and her non-filing spouse owned the Property as tenants by the entirety. The Property was encumbered by a mortgage held by Deutsche Bank. The Debtor defaulted under the mortgage and in 2007, Deutsche Bank commenced a foreclosure action against the Debtor and her non-filing spouse in Supreme Court Nassau County. RASC was counsel for Deutsche Bank in the foreclosure action. On February 4, 2020, an order confirming the referee's report and judgment of foreclosure and sale was entered. On August 25, 2021, the Debtor and her non-filing spouse filed a notice of appeal and on June 15, 2022, they

---

[1] This Memorandum Decision does not address whether any conduct by parties other than Deutsche Bank and its counsel violated the automatic stay with respect to the Debtor's possessory interest in the Property.

filed a motion to stay the foreclosure sale pending the outcome of the appeal, which was denied by order entered on August 17, 2022. Pursuant to the judgment of foreclosure, a sale of the Property was scheduled for June 22, 2022. The terms of sale reflected that the sale was subject to "any notice of appeal." On June 22, 2022, an auction of the Property was held and Dio Development Corporation ("Dio") was the successful bidder. After the sale and execution of the sale terms, Dio moved on September 29, 2022 by order to show cause to enjoin Deutsche Bank and the referee from compelling Dio's specific performance or forfeiting the deposit, and to determine whether the closing should be held in abeyance pending the appeal by the Debtor and her non-filing spouse. Dio also requested permission to intervene in the foreclosure action. By order dated April 26, 2023 and entered on April 28, 2023, the state court denied the motion by Dio ("State Court Order"). In the State Court Order, the court held that the judgment of foreclosure entered on February 5, 2020 is a final decision absent a ruling to the contrary from the appellate court.

On August 11, 2023, the Debtor filed this bankruptcy petition. On August 16, 2023, RASC filed a notice of appearance on behalf of Deutsche Bank in the Debtor's case. On August 28, 2023, a notice of entry of the State Court Order was prepared by RASC and filed in state court. On September 27, 2023, the referee's deed, which refers to the foreclosure sale held on June 22, 2022, was delivered to Jennifer and Philip Hardial, as assignees of Dio.

The Debtor's petition lists the Property as her residence, but the schedules filed with the Petition did not include the Property as an asset, nor was Deutsche Bank listed as a creditor on schedule D or F. The Debtor's third chapter 13 plan, which was confirmed on December 6, 2023, does not provide for treatment of any debt relating to the Property or for retention of the Property. After the plan was confirmed, the Debtor filed an amended schedule F reflecting that

Deutsche Bank is an unsecured creditor. On December 19, 2023, the Debtor filed the Motion seeking, *inter alia*, a finding that the post-petition entry of the State Court Order and the delivery of the referee's deed dated September 27, 2023 violated the stay and are void *ab initio*. The Debtor also sought sanctions against Deutsche Bank and RASC for their part in this conduct. While the portion of the Motion seeking sanctions against Deutsche Bank and RASC has been settled, the Debtor asks for a ruling regarding whether the post-petition entry of the State Court Order and/or delivery of the referee's deed transferring the Property to the Hardials are void as violative of the stay.

*Discussion*

The facts of this case are not in dispute.  The question before the Court is whether, when the Debtor's ownership of the Property was terminated prepetition, the post-petition conduct of Deutsche Bank and RASC with respect to the Debtor and/or the Property violated the automatic stay.  According to the Debtor, the acts of obtaining entry of the State Court Order and the delivery of the referee's deed in foreclosure to the Hardials post-petition are clear violations of the automatic stay. The Debtor asserts that the first violation by Deutsche Bank and RASC occurred when the notice of entry of the State Court Order, which denied the Order to Show Cause by Dio to enjoin Deutsche Bank and the referee from compelling Dio's specific performance or forfeiting the deposit, was filed by RASC on behalf of Deutsche Bank post-petition.  The second violation allegedly occurred upon delivery of the referee's deed to the Hardials, which the Debtor describes as the "sale" of the Property. In support of her argument, the Debtor relies chiefly on *In re Fogarty*, 39 F.4th 62, 75 (2d Cir. 2022), wherein the Court of Appeals for the Second Circuit concluded that a post-petition foreclosure sale in a proceeding

where a debtor is a named defendant is subject to the automatic stay, whether the debtor is named as an interested party, a nominal party or some other kind of defendant.

Deutsche Bank and RASC both claim that the foreclosure sale, which took place prepetition on June 22, 2022, terminated any legal and equitable rights the Debtor had in the Property. The delivery of the deed by the referee on September 27, 2023 was not violative of the automatic stay because the Debtor's rights to recover the property had already been terminated by the foreclosure auction, leaving the Debtor with a mere possessory interest at best. This possessory interest retained by the Debtor was not infringed upon by delivery of the referee's deed to the Hardials. Deutsche Bank and RASC rely primarily upon *In re Cretella*, 42 B.R. 526 (Bankr. E.D.N.Y. 1984), in which Judge Duberstein concluded that because the debtor lost the right under New York law to redeem the mortgage debt upon the conclusion of the foreclosure auction, which took place prepetition, the issuance of the referee's deed post-petition did not violate the stay. As for the notice of entry of the State Court Order, RASC argues that filing the notice of entry did not address or impact the foreclosure sale that took place repetition. Further, the notice of entry was ministerial in nature and did not impact or alter any existing right or interest that the Debtor has post-petition.

*Analysis*

Section 362(a) of the Bankruptcy Code provides that the filing of a bankruptcy petition operates as a stay of:

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

5

> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title; [and]
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]

11 U.S.C. § 362(a)(1)-(3)

The first issue to resolve is whether delivery of the deed of transfer to the Hardials post-petition violated the automatic stay. This turns on the reach of the Debtor's legal or equitable interests in the Property as of the Petition Date. 11 U.S.C. § 541(a)(1). State law generally defines the parameters of these interests. *Butner v. United States*, 440 U.S. 48, 55 (1979). The law of New York applicable to the issue before the Court was clearly summarized by the Court of Appeals for the Second Circuit in *In re Rodgers*, 333 F.3d 64 (2d Cir. 2003). In *Rodgers*, a chapter 13 debtor sought to hold Monroe County in contempt for alleged violations of the automatic stay in connection with the post-petition recording and/or delivery of a referee's deed for property which was sold at public auction in a tax foreclosure sale that took place prepetition. In *Rogers*, the debtor argued that since the deed had not been transferred as of the filing of the petition, she retained a legal or equitable interest in the property that became property of the estate upon the filing of the petition.

The Bankruptcy Court and the District Court rejected the debtor's position, and the Second Circuit affirmed. The Second Circuit examined the tax foreclosure laws which operated under the same principle as New York foreclosure laws and found that the debtor's right to redeem the mortgaged property was terminated by a valid foreclosure sale. *Id*., 333 F.3d at 67-68. The Court recognized that this principle "has been part of New York law for over a century.

Thus, as early as 1865 the Court of Appeals declared that 'the foreclosure, and a sale by the master, barred the mortgagor's equity of redemption [and] a deed was not necessary to accomplish that result.' *Tuthill v. Tracy,* 31 N.Y. 157, 162 (1865); *accord, Barnard v. Jersey,* 39 Misc. 212, 79 N.Y.S. 380 (Sup.Ct.1902)" *Id.*

Similarly, because the foreclosure sale extinguished the Debtor's right to redeem the Property prepetition, notwithstanding the post-petition delivery of the deed, the Debtor could not claim a violation of the stay under 11 U.S.C. §362(a)(3). With respect to §362(a)(1) and (2), the Debtor's reliance on *In re Fogarty*, 39 F.4th 62 is misplaced. In *Fogarty*, the Debtor held no direct ownership interest in the real property but had an ownership interest in the LLC that owned the property. She maintained a possessory interest in the property as she resided there. The actions of the mortgagee which were deemed to have violated the stay were the continuation of the foreclosure proceedings and the foreclosure sale, all of which took place post-petition, while the debtor was a named party in the foreclosure proceeding. The entire focus of the Court's inquiry was whether holding the foreclosure sale post-petition, where the debtor was a named defendant in the action, violated §362(a)(1) and/or (2) of the Bankruptcy Code. The Second Circuit held that the sale was deemed a continuation of the foreclosure proceeding, and the sale was also considered as an enforcement of a judgment against the debtor. *In re Fogarty*, 39 F.4th at 72-73. Because the debtor was a named defendant, the continuation of the foreclosure proceeding post-petition was violative of these subsections of the automatic stay as acts against the debtor. In our case, the sale took place prepetition, which is a significant difference from the facts in the *Fogarty* decision.

While the sale of the Property was a critical event in both *Fogarty* and this case, the timing of each sale is crucial to an understanding of the interplay between the foreclosure

proceeding and the automatic stay. Because the sale took place prepetition in the Debtor's case, her ownership rights had been terminated as of the Petition Date. To the extent the Debtor reads the *Fogarty* decision to extend these rights past the date of the sale, the Debtor is incorrect. To the extent the Debtor is seeking to leverage her possessory interest in the Property to claim that the post-petition delivery of the deed violated the stay, the Debtor is also incorrect. Any mere possessory interest the Debtor had in the Property post-petition was unaffected by delivery of the referee's deed. After the deed was delivered, the Debtor still retained her possessory interest in the Property and has no grounds to nullify the delivery as violative of the automatic stay.

With respect to the post-petition entry of the State Court Order, this neither resurrected the Debtor's legal or equitable interests in the Property nor affected the Debtor's mere possessory interest in the Property. The State Court Order, which was issued prepetition, denied the request by Dio to enjoin Deutsche Bank and the referee from compelling Dio's specific performance or forfeiting the deposit. The State Court Order did not overturn or otherwise affect the foreclosure sale. The notice of entry of the State Court Order, which did occur post-petition, is not equivalent to the post-petition foreclosure sale in *Fogarty*. It was neither a continuation of a proceeding nor an act of enforcement against the Debtor, but a ministerial act. As the Second Circuit recognized in *Fogarty*, the " 'mere ministerial acts performed by the clerk following the completion of the judicial function' are not 'the continuation of a judicial proceeding within the meaning of section 362(a)(1).'" 39 F.4th at 77 (citing *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 64, 69 (2d Cir. 2003)). The ministerial act of submitting an order dated prepetition for entry is not violative of the stay because the action with any "material legal effect" was already rendered. *Id*. (citing *In re Soares*, 107 F.3d 969, 974 (1st Cir. 1997).

As admitted by counsel to the Debtor at the hearing on the Motion, there was no scenario whereby the Debtor could regain her legal interest in the Property after the foreclosure sale was completed. Once the sale took place, the Debtor only retained a mere possessory right in and to the Property after the foreclosure sale and the conduct complained of by the Debtor by Deutsche Bank and RASC did not violate the stay imposed by § 362(a)(1)-(3).

*Conclusion*

For these reasons, the portion of the Motion seeking a determination that either the notice of entry of the State Court Order or the delivery of the deed to the Hardials are void as violative of the automatic stay is denied. The Court will enter an order consistent with this Memorandum Decision forthwith.

Dated: Central Islip, New York
May 1, 2024

Robert E. Grossman
United States Bankruptcy Judge